IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARNIESHEIA PERRYMOND, | |
|    Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:09-CV-1936-SCJ |
| LOCKHEED MARTIN CORPORATION d/b/a Lockheed Martin Aeronautics Co., and DR. MARK WOOD, | |
|    Defendants. | |

**O R D E R**

THIS MATTER is before the Court for consideration of the magistrate judge's February 6, 2012 report and recommendation ("R&R") [Doc. No. 221], in which he recommends that Plaintiff's claims be dismissed in their entirety; and Plaintiff's Motion for Permission to File Errata *Nunc Pro Tunc* [Doc. No. 227].

Before addressing the substance of Plaintiff's objection and the standard for adjudicating the objection, the Court will address Plaintiff's Motion for Permission to File Errata *Nunc Pro Tunc*. While Plaintiff timely filed her objection to the R&R, the objection contains many errors and omissions, and she wishes to file an amended version. Plaintiff's motion fails to set forth a legal standard to which her motion should be held. Effectively, Plaintiff is asking the Court for an extension to file her objection to the R&R. The Court will thus apply Federal Rule of Civil

Procedure 6(b). Under Rule 6(b), when the time has already lapsed for a party to file an objection, the extension will be granted for good cause and when the party shows excusable neglect. Fed. R. Civ. P. 6(b)(1).

Whether a party's neglect is excusable is an equitable determination, "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993). "The burden is on the party seeking an extension of time to make an affirmative showing of excusable neglect which requires a showing both of good faith by the moving party and a reasonable basis for not having made the filing within the time period." *Hennington v. Bank of Am.*, No. 1:10-CV-1350-WSD, 2010 WL 5860296, at *4 (N.D. Ga. Dec. 21, 2010) (citing *Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1568-69 (11th Cir. 1987)).

Plaintiff's excuse for her late filing is that after her objection was timely filed on February 22, 2012, her attorney discovered "typographical, grammatical and errors of omission." But her attorney was in a "hearing all day on February 23, 2012," and thus unable to file an amended objection until February 24, 2012. "It is well established, however, that 'the fact that counsel has a busy practice does not establish 'excusable neglect' under Rule 6(b).'" *Clinkscales*, 831 F.2d at 1569 (quoting *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir.1981)). Thus, Plaintiff's Motion for Permission to File Errata *Nunc Pro Tunc* is denied. Nevertheless, for the

sake of thoroughness, the Court will consider Plaintiff's amended objection.

Turning to Plaintiff's objections, pursuant to 28 U.S.C. § 636(b)(1), Plaintiff has filed timely objections to the R&R [Doc. No. 226]. In order to challenge the magistrate judge's findings and recommendations, a party must submit written objections that specifically identify the portions of the R&R to which the objections are made and the specific bases for those objections. *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir.1989). When such specific objections are filed, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The facts and procedural history of this case are set forth in the R&R and are fully incorporated herein. Because the Court finds that the magistrate judge correctly applied the law to the facts of this case, the Court will only address petitioner's objections that raise issues of law not presented to the magistrate judge. Broadly speaking, the Court will examine the following recommendations in the

R&R: (1) that declaratory relief is inappropriate in this case; (2) that judicial estoppel bars Plaintiff's claims; (3) that the statute of limitations has run on the § 1981 claims for failure-to-hire and hostile work environment; (4) that the ADA claims be dismissed for failure to exhaust; and (5) that certain hearsay statements and an unauthenticated email must be excluded.

I.    **Declaratory Relief**

On the issue of declaratory relief, the R&R is adopted in full. Relying on *McKennon v. Nashville Banner Publishing Company*, 513 U.S. 352, 357 (1995), Plaintiff objects to the R&R and argues that she, like the Plaintiff in *McKennon,* can seek a declaration that her termination was unlawful. *McKennon* neither stands for such a proposition nor does the Supreme Court's opinion indicate that the plaintiff sought declaratory relief. *Id.* at *passim*. *McKennon* does list the kinds of remedies available in a discrimination claim—including declaratory judgment—but makes no mention of when declaratory judgment is appropriate. *Id.* at 357. Accordingly, Plaintiff's objection is meritless. The Court thus adopts the R&R's recommendation the claim for declaratory relief be denied. Moreover, because Plaintiff's substantive claims do not survive, her claim for declaratory relief must likewise be dismissed. See *Lubin v. Cincinnati Ins. Co.*, No. 1:09-CV-1156-RWS, 2009 WL 4641765, at *6 (N.D. Ga. Nov. 30, 2009).

## II. Judicial Estoppel

The Court adopts the R&R on the issue of judicial estoppel. In objecting to the R&R, Plaintiff largely rehashes her arguments on summary judgment. The R&R recommends that Plaintiff be estopped from pursuing her employment discrimination claims because when she filed for bankruptcy, she failed to disclose those claims, as required under bankruptcy law.

First, Plaintiff advocates for appending a bad faith standard to the Eleventh Circuit's two-factor judicial estoppel test. Plaintiff relies on a host of extra-Circuit cases and factually inapposite cases in making her argument [Doc. No. 227-3, pp. 6-8]. However, the law in the Eleventh Circuit is clear: judicial estoppel is not a function of bad faith. *See Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002) (holding that judicial estoppel is a function of the following two factors: (1) a party taking inconsistent positions, under oath, in a prior proceeding, and (2) the "inconsistencies must be shown to have been calculated to make a mockery of the judicial system").[1]

Second, Plaintiff argues that judicial estoppel does not apply because her legal counsel said she did not have to disclose her employment claims when she filed for

---

[1] While the circuit does not require a showing of "bad faith," by requiring a showing that the inconsistencies were "calculated to make a mockery of the judicial system," the two-factor test incorporates an analog to bad faith.

5

bankruptcy. Plaintiff relies on *Farr v. Hall County*, No. 2:11–CV–00074–RWS, 2011 WL 5921462 (N.D. Ga. Nov. 28, 2011), in which the plaintiff's counsel likewise contributed to a failure to disclose. *Id.* at *8-9. In *Farr*, the plaintiff promptly rectified his non-disclosure by amending his bankruptcy petition. *Id.* at *9. Relying on this correction, the court refused to judicially estop the plaintiff from proceeding on his § 1983 and tort claims. *Id. Farr* is inapposite. Here, Plaintiff never amended her bankruptcy filing to rectify her error. Moreover, unlike Plaintiff Perrymond, the plaintiff in *Farr* did not fail to disclose her bankruptcy petition in response to an interrogatory requesting such information. *See id.* at *8-9.

Third, contrary to Plaintiff's objection, the magistrate judge correctly held that Plaintiff's failure to disclose her bankruptcy petition in response to Defendants' interrogatory further undermined "the credibility of Plaintiff's 'inadvertence' argument and cuts against any inference that Plaintiff's omissions were made in good faith" [Doc. No. 221, p. 32]. *See United States v. Sirang*, 70 F.3d 588, 593 (11th Cir. 1995) ("[S]ubsequent acts . . . may shed light on what the original intent was."); *see also United States v. Hurley*, 755 F.2d 788, 790 (11th Cir. 1985) ("A subsequent act . . . can be used to show intent under Rule 404(b)."); *Reynolds v. Ala. Dep.t of Transp.*, No. 85- CV-665-MHT, 2011 WL 2650488, at *4 n.2 (M.D. Ala. Apr. 26, 2011), (holding that a plaintiff's "false interrogatory answer," together with the plaintiff's

knowledge of his EEOC charge and failure to disclose it in his bankruptcy proceeding, created "the inference that his nondisclosure was no simple error or inadvertence").

Fourth, Plaintiff incorrectly argues that the Court must resolve all factual inferences in her favor and submit to the jury the question of judicial estoppel. Plaintiff particularly focuses on the question of her intent in failing to disclose her employment claims. However, there is no merit to Plaintiff's contention that the question of intent is reserved for the jury. As the Eleventh Circuit has held: "While an estopped party's contradiction must be intentional, such intent may be inferred from the record. This inference is considered a factual finding by the court and held to a clearly erroneous standard." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1275 (11th Cir. 2010) (internal citation omitted).

Therefore, Plaintiff's objections to the R&R are groundless, and on the basis of judicial estoppel, Plaintiff's action must be dismissed in its entirety. Plaintiff's objection is thus DENIED, and the R&R is adopted.

### III. Statute of Limitations for § 1981 Failure-to-Hire and Hostile Work Environment Claims

The Court adopts the R&R's determination regarding the statue to limitations on Plaintiff's § 1981 failure-to-hire claim. And though Plaintiff objects to the R&R's findings regarding the statute of limitations on a § 1981 hostile work environment

claim, the R&R did not make such a finding.

Plaintiff argues that a four-year statute of limitations applies to a § 1981 failure-to-hire claim. This is not the law. As the R&R correctly sets forth: a two-year limitations period applies [Doc. No. 221, p. 44 (citing *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 972 n.35 (11th Cir. 2008))]. Thus, the R&R is adopted and Plaintiff's § 1981 failure-to-hire claim is dismissed as time-barred.

## IV.   Exhaustion of Plaintiff's ADA Claims

The Court adopts the R&R's recommendation regarding Plaintiff's failure to exhaust her ADA claims.

First, the magistrate found that Plaintiff failed to exhaust her ADA claims through the EEOC's charge procedure, and thus the magistrate recommends dismissing those claims. As the magistrate notes: "'The actual investigation triggered by the EEOC charge [is] the primary factor determining the permissible scope of a judicial complaint of employment discrimination'" [Doc. No. 221, p. 50 (*Dowlatpanah v. Wellstar Douglas Hosp.*, No. 1:05-cv-2752-WSD-RGV, 2006 WL 4093123, at *12 (N.D. Ga. Dec. 5, 2006)). And the magistrate found that Plaintiff failed to check the "disability" box on the charge form, and that the EEOC's 150-page investigative file regarding Plaintiff's charge makes no mention of an ADA retaliation claim.

While Plaintiff acknowledges that the "scope" of the EEOC investigation determines the scope of a party's discrimination lawsuit, Plaintiff's objection fails to address the details of the EEOC's investigation or how that investigation covered her ADA claims. Plaintiff then argues that Defendant Lockheed Martin Corporation ("LMC") should have raised its exhaustion argument in response to her EEOC charge. Yet, it makes little sense to require LMC to respond to a nonexistent claim in the EEOC charge. How can an employer respond to a claim that it has no notice of?

The magistrate correctly concluded that Plaintiff failed to exhaust her ADA claims. The Court thus adopts the R&R's recommendation regarding exhaustion, and Plaintiff's ADA claims are dismissed.

## V.     Exclusion of Evidence

Although Plaintiff broadly objects to the magistrate's determinations regarding her retaliation claims under "§1981, and the FMLA ADA [sic] and Title VII," [Doc. No. 227-3, p. 15], Plaintiff only specifically objects to following two determinations: (1) that Plaintiff's declarations about Investigator Blakey's statements are inadmissible hearsay; and (2) that a purported "threat of suit and demand" made upon LMC by its former employees was not properly before the Court because "Plaintiff relie[d] on an unauthenticated document and her own

declaration as evidence of the communication and provide[d] no basis for her knowledge" [Doc. No. 221, p. 85]. The first determinations forms the basis, at least in part, of the R&R's finding that Plaintiff failed to state a prima facie case of retaliation under the ADA, Title VII, and § 1981 [*id.* at pp. 74, 76, 80-81, 84, 88-89], whereas the second determination pertains to Plaintiff's prima facie case of Title VII pregnancy discrimination [*id.* at p. 87].

The determinations played no part in the magistrate's findings regarding either FMLA retaliation or Defendants' legitimate, nondiscriminatory reasons. And Plaintiff fails to specifically object to or challenge the R&R's finding that she did not show pretext by rebutting Defendants' legitimate, nondiscriminatory reasons for the adverse employment actions. Thus, even if the two determinations were incorrect, and Plaintiff thereby established prima facie claims for retaliation under the ADA, Title VII, and § 1981 retaliation, those claims must be dismissed because Plaintiff failed to challenge the R&R's reasoned findings regarding pretext.[2] *See Heath v. Jones*, 863 F.2d 815, 822 (11th Cir.1989) ("[W]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.").

Despite the academic nature of Plaintiff's objections, the Court will address

---

[2] Not to mention the multitude of other bases the R&R provides for dismissing Plaintiff's claims.

each one.

### A. Admissibility of Plaintiff's Declarations Setting Forth Investigator Blakey's Statements

The magistrate judge ruled that Plaintiff's declarations regarding statements made by Investigator Blakey are inadmissible hearsay [Doc. No. 221, p. 80-81]. Investigator Blakey interviewed Plaintiff in connection with his investigation of an EEOC charge filed by a former employee. During those interviews, Investigator Blakey told Plaintiff that he intended to interview Defendant Wood and that Defendant Wood knew Plaintiff was being interviewed. Without going into further detail, if admissible, Investigator Blakey's statements might provide circumstantial evidence in support of Plaintiff's prima facie claims. Rather than depose Investigator Blakey, Plaintiff proffers the investigator's statements through her own declarations [Doc. Nos. 185-2, 186-3].

Beyond stating that Plaintiff's declaration was hearsay, the magistrate judge did not provide a more specific legal basis for excluding that evidence. Plaintiff objected to the magistrate's ruling: she argues that Investigator Blakey's statements are admissible because he was an agent or employee [Doc. No. 227-3, pp. 19-20 (quoting Fed. R. Civ. P. 801(d)(2)(D))].

When a employee makes a statement that falls within the scope of his employment or agency, such a statement is admissible against the employer. *Champ*

11

*v. Calhoun Cnty, Emergency Mgmt. Agency*, 226 Fed. App'x 908, 912 n.4 (11th Cir. 2007). However, such a statement is not necessarily admissible against co-employees of the declarant. *Lippay v. Christos*, 996 F.2d 1490, 1498 (3d Cir. 1993); *Boren v. Sable*, 887 F.2d 1032, 1040 (10th Cir. 1989). A declarant's "mere occupation of a subordinate position in the corporate chain of command" does not suffice to establish an "agency relationship" with superior co-employees. *Boren*, 887 F.2d at 1040. Rather, a proponent of the declarant's statement would have to show that the co-employee "controlled the daily performance of [the declarant] at the time [the declarant] made the alleged "admissions.'" *Id.*

Here, Investigator Blakey made the statements in question while he was interviewing Plaintiff pursuant to an EEOC investigation, and the statements pertained to the interviews he was conducting. Such statements were thus within the scope of his employment. Accordingly, the statements are admissible against his employer, LMC. However, because there is no indication that Investigator Blakey was Defendant Wood's agent, the statements are inadmissible as to Defendant Wood.

Thus, the Court does not adopt the R&R as it pertains to the admissibility of Investigator Blakey's statements against LMC. And the Court will assume, *arguendo*, that Plaintiff has established *prima facie* cases of ADA, Title VII, and § 1981

retaliation against LMC. Nevertheless, as discussed above, Plaintiff's claims must be dismissed because she failed to show pretext. The Court does adopt the R&R's recommendations (1) that Investigator Blakey's statements are inadmissible hearsay when used against Defendant Wood, and (2) that the claims against Defendant Wood for retaliation under the ADA, Title VII, and § 1981 must be dismissed for failure to establish prima facie claims.

    B.    Admissibility of Evidence that Former Employees Threatened to Sue LMC

Plaintiff submitted an email purporting to be sent from some plaintiff's attorney, Mr. Billips, to outside counsel for LMC, which email threatens suit against LMC. The magistrate excluded the email as it was unauthenticated [Doc. No. 221, p. 85].

Under Rule 901 of the Federal Rules of Evidence, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Rule 901 provides several examples of evidence that satisfies the requirement, including "[t]estimony of a witness with knowledge." Fed. R. Evid. 901(b)(1). In addition, Federal Rule of Civil Procedure 56 requires that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show

that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "To have personal knowledge means more than to have been told that something is what it purports to be or to have collected the information from one's client." *Tishcon Corp. v. Soundview Commc'ns, Inc.*, No. 1:04-CV-524-JEC, 2005 WL 6038743, at *5 (N.D. Ga. Feb. 15, 2005). One possesses personal knowledge by knowing, "as a matter of first-hand knowledge, a document's source or authenticity." *Id.*

There is no indication that Plaintiff attempted to authenticate the email when she used it to respond to the motions for summary judgment. Thus, the magistrate did not err by excluding the email.

Seeking to rectify her failure to authenticate the email, Plaintiff now submits a declaration from her lawyer, Mr. Varady, along with an exhibit that purports to authenticate the email in question [Doc. Nos. 226-1, p. 1; 226-4, pp. 1-2]. The exhibit is a string of communications whereby Mr. Billips forwarded the email to an attorney who then forwarded the email to Mr. Varady. As the attenuated chain shows, Mr. Varady does not have personal, first-hand knowledge of the email. Rather, Mr. Varady has merely collected an email from a second-hand source who told Mr. Varady that the email "is what it purports to be." *Tishcon Corp.*, 2005 WL 6038743, at *5. Therefore, because Plaintiff failed to authenticate the email, it

remains inadmissible.

Moreover, the Court notes an important detail in the "authenticating" exhibit: the exhibit shows that Mr. Varady received the email on May 9, 2011—roughly one month after the close of discovery [Doc. Nos. 145; 226-4, pp. 1-2]. Thus, even if the exhibit authenticates the email, all indications are that Plaintiff could not have disclosed the email during discovery. Under Federal Rule of Civil Procedure Rule 37, Plaintiff cannot use the email as evidence unless she shows her failure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Because Plaintiff has not attempted to make such a showing, the email is inadmissible. Thus, the magistrate's finding that Plaintiff fails to state a prima facie case of Title VII pregnancy discrimination remains sound, as the email cannot be considered evidence. Accordingly, the Court adopts the R&R's finding that Plaintiff failed to state her prima facie case of Title VII pregnancy discrimination, and that claims is dismissed.

**CONCLUSION**

For reasons given above, the R&R [Doc. No. 221] is **ADOPTED**, except as to the magistrate's recommendations (1) that Plaintiff's declaration regarding Investigator Blakey's statements be excluded, and (2) that Plaintiff failed to state prima facie claims against LMC for retaliation under the ADA, Title VII, and § 1981.

Pursuant to the portions of the R&R that have been adopted, Defendant LMC's Motion for Summary Judgment [Doc. No. 177] is **GRANTED IN PART** and Defendant Wood's Motion for summary Judgment [Doc. No. 178] is **GRANTED IN PART** . Plaintiff's claims are thus **DISMISSED** in their entirety, and the Clerk of the Court is **DIRECTED** to **CLOSE** this case. Finally, Plaintiff's Motion for Permission to File Errata *Nunc Pro Tunc* [Doc. No. 227] is **DENIED**.

**IT IS SO ORDERED**, this 21st day of March, 2012.

s/Steve C. Jones  
STEVE C. JONES  
United States District Judge